IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| V. | § | Cr. No. C-06-259 |
| | § | C.A. No. C-08-269 |
| DAVID TYRONE THOMAS, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER SEVERING CLAIMS,
ORDER TRANSFERRING SEVERED CLAIMS TO THE LAREDO DIVISION, AND
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

On August 12, 2008, the Clerk received from David Tyrone Thomas a document titled as an "Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07." (D.E. 40.)[1] The petition references his conviction before this Court in Cr. No. C-06-259. The document has been docketed as a motion pursuant to 28 U.S.C. § 2255 in Thomas' criminal case and assigned a corresponding civil case number.

**I.    Proper Construction of Thomas' Petition**

The Court is tasked first with determining how to construe Thomas' petition. He utilized state habeas forms in filing his petition,[2] yet he has submitted it in federal court. He asserts a number of grounds for relief, all of which can be categorized into two basic claims: (1) a claim that the sentence he served as a result of the instant federal conviction was improperly calculated, thereby affecting the start date of the state sentence he is currently serving; and (2) an ineffective

---

[1] Docket entry references are to the criminal case, Cr. No. C-06-259.

[2] For example, the first line of the document reads, "In the Court of Criminal Appeals of Texas." The document also references Texas code provisions and relies exclusively on Texas cases. (See D.E. 40 at 1, 6-9.)

1

assistance of counsel claim with regard to the instant federal case.

His ineffective assistance of counsel claim alleges that his counsel was ineffective on a number of grounds. In its entirety, his supporting facts are:

> I was never told about case until sentencing thus believed I was in state court. Court documents that I was un-mentally competent of trial a week or so before. Plus no evidence of my wrong doing or involvement was truely identified to my knowledge or understanding because of the involvement of many people, plus wasn't arrested until a year later on a sealed indictment. [sic]

(D.E. 40 at 10.)

Thomas' ineffective assistance of counsel claim is properly brought in a motion pursuant to 28 U.S.C. § 2255. Any § 2255 claim by Thomas is time-barred, however, as discussed infra at Section III.[3] For this reason, discussed in more detail below, to the extent his motion can be construed as a § 2255 motion, it is DISMISSED.

Thomas' remaining other claims, which all assert that he was improperly required to serve an extra month on his federal sentence, are properly construed as claims brought pursuant to 28

---

[3] Because the Court concludes that Thomas' sole § 2255 claim is time-barred, it does not address the more complicated issue of whether Thomas has met the "in custody" requirement for bringing a habeas petition or § 2255 motion. That issue arises because Thomas is no longer incarcerated for his federal offense, but if he were to successfully challenge the computation of his federal sentence, it appears that it would affect the start date (and hence, release date) of his consecutive state sentence, which he is currently serving. The Supreme Court has held that a petition satisfies the "in custody" requirement for bringing a habeas action in similar circumstances. See Garlotte v. Fordice, 515 U.S. 39, 44-47 (1995). Garlotte, however, involved consecutive sentences imposed by the same court at the same time.

Since Garlotte was decided, lower courts have differed in their analysis as to whether Garlotte applies in a case such as the instant one, where one of two consecutive sentence has been completed, the completed sentence is being challenged, but two different courts imposed the two consecutive sentences. Compare, e.g., Foster v. Booher, 296 F.3d 947, 949-52 (10th Cir. 2002) (Garlotte governed case and allowed petitioner to bring habeas challenge to his first sentence, already completed, because it was part of a "consecutive series of sentences" he was still serving, despite the fact that the two sentences were imposed by two different Oklahoma courts on different dates) and DeFoy v. McCullough, 393 F.3d 439, 441-42 (holding that Garlotte allows review of a "completed sentence when the prisoner ... is still serving a sentence imposed by a different court at a different time," because the "effect of any error as to the [expired sentence] was to delay the start of the [current sentence]") with Allen v. State of Oregon, 153 F.3d 1046, 1048-50 (9th Cir. 1998) ("Garlotte applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction," but the petitioner could challenge his current sentence as illegally "enhanced" by the prior conviction).

U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990). Thomas' § 2241 petition is somewhat atypical, because he appears to be challenging a sentence that he has already completed serving.[4] That is, he repeatedly claims that he served too long on his federal sentence (22 months instead of 21 months), but it is clear that he is no longer incarcerated for the federal offense. (See, e.g., D.E. 40 at 1 (referencing his current TDCJ number and the fact that he is incarcerated at the "Cotulla Unit.") Indeed, records from the Bureau of Prisons website reflect that Thomas was released from federal custody on February 8, 2008. See "Inmate Locator" function at www.bop.gov. Nonetheless, the issue of whether he is "in custody" for purposes of § 2241 need not be addressed by this Court, but is more properly addressed by the transferee court. See supra note 3. Accordingly, the claims in Thomas' petition (except his claim on page 10 of that petition) are hereby severed from his § 2255 motion and construed as a petition pursuant to 28 U.S.C. § 2241.

**II.    Thomas' Challenges to The Execution of His Sentence**

Having determined that the vast majority of Thomas' claims constitute a § 2241 petition, the court concludes that it is not the proper Court to resolve those claims. Notably, the proper respondent in a § 2241 action is the warden of the institution where the petitioner is incarcerated at the time of filing, and § 2241 motions should be brought only in the jurisdiction where petitioner is incarcerated. See Pack, 218 F.3d at 451. As noted, Thomas is currently incarcerated in the Texas

---

[4] Thomas also references a conviction in Case no. 05-CRF-0115 arising in the 105th District of Kleberg County (D.E. 40 at 4), but it does not appear that he is challenging his conviction or sentence in that case, except as it is affected by the computation of his prior federal sentence.

Department of Criminal Justice's Cotulla Unit in Cotulla, Texas, which is located in La Salle County, Texas. La Salle County is within the jurisdiction of the Laredo Division of the Southern District of Texas. 28 U.S.C. § 124(b)(3).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because the petitioner and the proper respondent are both located in La Salle County within the Laredo Division, it is more convenient for the action to be handled in the Laredo Division of the Southern District of Texas.

Accordingly, it is ordered that all claims except those on page 10 of Thomas' petition be severed, construed as a petition pursuant to 28 U.S.C. § 2241, and that the action be TRANSFERRED to the United States District Court for the Southern District of Texas, Laredo Division. All pending motions are denied without prejudice, subject to re-urging after this action is transferred. Additionally, all issues relating to the payment of the $5 filing fee for habeas actions, including any request to proceed *in forma pauperis,* shall be handled by the transferee court.

**III.    Thomas' Claim of Ineffective Assistance of Counsel**

Thomas' sole claim that does not challenge the execution of his sentence is a claim that his counsel was constitutionally ineffective. As noted, this claim is properly brought in a motion pursuant to 28 U.S.C. § 2255. If the Court were to construe his motion as a § 2255 motion, however, the motion would be time-barred.

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most

4

cases, begins to run when the judgment becomes final.[5] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In order to timely appeal, a defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). The judgment against Thomas was entered on December 19, 2006. (D.E. 19.) Calculated under Rule 26, Fed. R. App. P., ten days after December 19, 2006 was January 5, 2007. Although Thomas filed a notice of appeal, which was received on April 2, 2007, it was not timely and his appeal was dismissed for that reason. (D.E. 24, 39.) His conviction therefore became final when the time for filing an appeal expired, or on January 5, 2007.

Thomas had one year from that date, or until January 5, 2008, to file his § 2255 motion. Thomas' § 2255 motion is deemed filed as of July 30, 2008, the date Thomas signed the document. (D.E. 40 at 11.) Thus, his motion was filed more than six months late and is untimely.

Thomas does not seek any type of tolling, nor does his motion provide any facts that would support a finding that Thomas is entitled to tolling. While the limitations period for § 2255 motions

---

[5] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  In short, Thomas' motion does not offer any basis at all for equitable tolling, let alone establish that his is the rare or exceptional case where such tolling is required.

Accordingly, the Court concludes that Thomas' failure to file his § 2255 claim within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

## CONCLUSION

For the foregoing reasons, to the extent Thomas' petition challenges his conviction or sentence on constitutional grounds and is thus properly construed as a § 2255 motion, his motion is DISMISSED because it is time-barred.  The remaining claims in Thomas' petition are severed and construed as a habeas petition pursuant to 28 U.S.C. § 2241.  That petition is TRANSFERRED to the Laredo Division of the Southern District of Texas.

It is so ORDERED.

Signed this 7th day of November, 2008.

								_____
								JOHN D. RAINEY
								UNITED STATES DISTRICT JUDGE